%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lease Acceptance Corp.
5300 West Atlantic Avenue, Suite 201, Delray Beach FL 33484

**(b)** County of Residence of First Listed Plaintiff  Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Gerald S. Berkowitz, Esquire, 629 B Swedesford Road
Malvern, PA 19355-1530, 610-889-3200

## DEFENDANTS
General Transportation LLC
1530 Bustard Road, Harleysville, PA 19438

County of Residence of First Listed Defendant  Montgomery County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS--Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC Sec. 1332(a)(1)
Brief description of cause:
Breach of leasing contracts and guaranties

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ $146,889.64
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):  JUDGE _____  DOCKET NUMBER _____

DATE  9/23/09
SIGNATURE OF ATTORNEY OF RECORD  [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lease Acceptance Corp.<br>5300 West Atlantic Avenue, Suite 201<br>Delray Beach, FL 33484 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff | : <br> : | |
| v. | : <br> : | No.   09 – cv – |
| General Transportation, LLC and<br>BCC Liberty, Inc. and<br>Hope Transportation, Inc.<br>1530 Bustard Road<br>Harleysville, PA 19438 | : <br> : <br> : <br> : <br> : <br> : | |
| and | : <br> : | |
| Peter Somerman<br>1907 Yorkshire Drive<br>Blue Bell, PA 19422 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| Sheldon Somerman<br>1250 Greenwood Avenue, # 811<br>Jenkintown, PA 19048 | : <br> : <br> : <br> : | |
| and | : <br> : | |
| Benjamin Oller<br>875 Cathcart Road<br>Blue Bell, PA 19422 | : <br> : <br> : <br> : | |
| Defendants | : | Trial by jury of twelve demanded |

**COMPLAINT**

**Introduction**

1.      This is a breach of contract case brought by Lease Acceptance Corp., a leasing company, against: 1) a transportation services company, General Transportation, LLC, which leased eight vehicles from the plaintiff, and defaulted on its obligations under the lease agreements; and 2) against three individuals and two corporate guarantors of General Transportation, LLC's performance to Lease Acceptance Corp.

### The Parties

2.      The plaintiff, Lease Acceptance Corp. ("LAC"), is a Florida corporation located at 5300 West Atlantic Avenue, Suite 201, Delray Beach, Florida, and LAC is engaged in the leasing business.

3.      Defendants General Transportation, LLC ("General Transportation), and BCC Liberty, Inc. ("BCC"), and Hope Transportation, Inc. ("Hope"), are each Pennsylvania corporations related by common ownership, all with offices located at 1530 Bustard Road, Harleysville, Pennsylvania, and each are engaged in the business of providing transportation services to the general public.

4.      Peter Somerman is an individual citizen of the Commonwealth of Pennsylvania who resides at 1907 Yorkshire Drive, Blue Bell, Pennsylvania, and on information and belief is an owner of General Transportation, BCC and Hope.

5.      Sheldon Somerman is an individual citizen of the Commonwealth of Pennsylvania who resides at 1250 Greenwood Avenue, # 811, Jenkintown, Pennsylvania, and on information and belief is an owner of General Transportation, BCC and Hope.

6.      Benjamin Oller is an individual citizen of the Commonwealth of

Pennsylvania who resides at 875 Cathcart Road, Blue Bell, Pennsylvania, and on information and belief is an owner of General Transportation, BCC and Hope.

## Jurisdiction and Venue

7.     This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the plaintiff and the defendants are citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.

8.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C §1391(a)(1) and (2) because all of the defendants reside within this judicial district, and because the events giving rise to the claims set forth herein occurred in this judicial district.

## Background

9.     On about August 28, 2007 LAC and General Transportation entered into eight written lease agreements, Lease Nos. 11000582 – 1100589 (collectively the "Leases"), whereby General Transportation leased a total of eight vehicles from LAC.

10.    Before LAC agreed to enter into the Leases or extend credit to General Transportation, LAC required that Peter Somerman, Sheldon Somerman, Benjamin Oller, BCC, and Hope collectively, jointly and severally, guaranty all payments due by General Transportation to LAC under the Leases, to which each agreed in writing pursuant to the terms of personal and corporate guaranties ("the Guaranties"). (Hereinafter Peter Somerman, Sheldon Somerman, Benjamin Oller, BCC, and Hope are collectively referred

to as the "Guarantors").

11.     General Transportation accepted delivery of the eight vehicles pursuant to the terms of the Leases, but thereafter breached its payment obligations to LAC under the terms of the Leases, and the vehicles were repossessed by LAC in accordance with the terms of the Leases.

12.     LAC then sold or refinanced each of the vehicles in accordance with the terms of the Leases, and thereafter LAC made demand upon General Transportation and the Guarantors to compensate LAC for the damages that LAC incurred as the result of General Transportation's breaches of the Leases.

14.     General Transportation breached its obligations to LAC pursuant to the Leases by its failure to pay to LAC the damages suffered by LAC due to General Transportation's breaches of the Leases.

15.     Despite demand, the Guarantors have also failed and refused to meet their obligations to LAC pursuant to the terms of the Guaranties.

16.     As a direct result of General Transportation's breaches of the Leases, and the Guarantors' breaches of the Guaranties, LAC has suffered damages in the amount of $146,819.64.

17.     Pursuant to the terms of the Leases and the Guaranties, General Transportation and the Guarantors agreed to pay to LAC in addition to the damages due by virtue of General Transportation's breaches of the Leases, LAC's attorneys' fees and costs of collection together with interest.

WHEREFORE, Plaintiff demands that judgment be entered in favor of LAC and against the defendants jointly and severally for all damages suffered by LAC in the amount of $146,819.64 together with interest and all reasonable attorney's fees and costs of collection incurred by LAC.

Respectfully submitted;

*[signature]*

BERKOWITZ · KLEIN LLP
Gerald S. Berkowitz, Esquire
629 B Swedesford Road
Swedesford Corporate Center
Malvern, PA 19355-1530

610-889-3200

Attorney for Plaintiff
LEASE ACCEPTANCE CORP.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Lease Acceptance Corp. | : | CIVIL ACTION |
| v. | : | |
| General TRansportation LLC | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| | | |
|---|---|---|
| 9/23/09 | Gerald S. Berkowitz | Lease Acceptance Corp. |
| Date | Attorney-at-law | Attorney for |
| 610-889-3200 Ext. 1 | 610-889-9564 | gsb@berklein.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __5300 West Atlantic Avenue, Suite 201, Delray Beach, FL 33484__

Address of Defendant: __1530 Bustard Road, Harleysville, PA 19438__

Place of Accident, Incident or Transaction: __Montgomery County Pennsylvania__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☐

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes☐  No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?     Yes☐  No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes☐  No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, __Gerald S. Berkowitz__, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __9/23/09__         _____Attorney-at-Law_____         __39381__
                                                                    Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __9/23/09__         _____Attorney-at-Law_____         __39381__
                                                                    Attorney I.D.#

CIV. 609 (6/08)

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Lease Acceptance Corp.
   V.

General Transportation LLC

Civil Action
No: _____

## DISCLOSURE STATEMENT FORM

Please check one box:

[X]  The nongovernmental corporate party, Lease Acceptance Corp.
, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

[ ]  The nongovernmental corporate party, _____
, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____

Gerald S. Berkowitz, Esquire

9/23/09
Date

Signature

Counsel for: Lease Acceptance Corp.

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
 (a) WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file two copies of a disclosure statement that:
  (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or
  (2) states that there is no such corporation.

 (b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:
  (1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
  (2) promptly file a supplemental statement if any required information changes.

APPENDIX G

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

Lease Acceptance Corp.

V.

General Transportation LLC

Civil Action No: _____

## DISCLOSURE STATEMENT FORM

Please check one box:

[X] The nongovernmental corporate party, <u>Lease Acceptance Corp.</u>, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

[ ] The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____

Gerald S. Berkowitz, Esquire

9/03/09
Date

Signature

Counsel for: <u>Lease Acceptance Corp.</u>

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
(a) WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file two copies of a disclosure statement that:
(1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or
(2) states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:
(1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
(2) promptly file a supplemental statement if any required information changes.

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| Lease Acceptance Corp. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| General Transportation, LLC et al. ) | |
| *Defendant* ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* General Transportation LLC
1530 Bustard Road
Harleysville, PA  19438

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____          _____
                               *Signature of Deputy Clerk*

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

Lease Acceptance Corp.
)
)
*Plaintiff*
)
)
v.
) Civil Action No.
)
General Transportation, LLC et al.
)
)
)
*Defendant*

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  BCC Liberty, Inc.
1530 Bustard Road
Harleysville, PA  19438

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____

_____
*Signature of Deputy Clerk*

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| Lease Acceptance Corp. <br> *Plaintiff* <br> v. <br> General Transportation, LLC et al. <br> *Defendant* | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* Hope Transportation, Inc.
1530 Bustard Road
Harleysville, PA  19438

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____                                   _____
                                                         *Signature of Deputy Clerk*

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

Lease Acceptance Corp.  )
*Plaintiff*  )
v.  )   Civil Action No.
General Transportation, LLC et al.  )
*Defendant*  )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Peter Somerman
1907 Yorkshire Drive
Blue Bell, PA  19422

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____       _____
*Signature of Deputy Clerk*

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

Lease Acceptance Corp. )
)
*Plaintiff* )
)
v. ) Civil Action No.
)
General Transportation, LLC et al. )
)
*Defendant* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Sheldon Somerman
1250 Greenwood Avenue, #811
Jenkintown, PA 19048

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____   _____
*Signature of Deputy Clerk*

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| Lease Acceptance Corp. <br> *Plaintiff* <br> v. <br> General Transportation, LLC et al. <br> *Defendant* | ) ) ) ) ) ) ) ) Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* Benjamin Oller
875 Cathcart Road
Blue Bell, PA  19422

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*Michael E. Kunz*
*Clerk of Court*

Date: _____                                                       _____
                                                                                               *Signature of Deputy Clerk*